MEMORANDUM **
Thong Holt Kim, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for withholding of removal and protection under the Convention Against Torture (“CAT”). We review de novo due process claims, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000), and for substantial evidence factual findings, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant in part and deny in part the petition for review.
Substantial evidence does not support the BIA’s adverse credibility determination because Kim’s omissions did not serve to enhance his claim and he was not provided with an opportunity to explain the omissions. See Shah v. INS, 220 F.3d 1062, 1068 (9th Cir.2000) (discrepancies that cannot be viewed as attempts to enhance a claim of persecution have no bearing on credibility); Mousa v. Mukasey, 530 F.3d 1025, 1029 (9th Cir.2008) (adverse *561 credibility finding incorrect where alien testified about the infection “only in passing” and was never asked to discuss the seriousness of the infection or how she had recovered from it). Consequently, we remand to give the agency the opportunity to evaluate Kim’s credibility while allowing him to explain the inconsistencies concerning the October 1996 incident. See Soto-Olarte v. Holder, 555 F.3d 1089, 1096 (9th Cir.2009).
The agency erred by refusing to consider the evidence regarding whether Kim belonged to a disfavored group in assessing his withholding of removal claim, so we remand to the BIA for reconsideration of this claim. See Wakkary v. Holder, 558 F.3d 1049 (9th Cir.2009).
Substantial evidence supports the conclusion that Kim is not entitled to CAT relief. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
Finally, we reject Kim’s due process contention that he was not afforded with a competent interpreter at the merits hearing because he has failed to show error or prejudice. Kotasz v. INS, 31 F.3d 847, 850 n. 2 (9th Cir.1994).
Accordingly, we grant the petition as to withholding of removal, deny the petition as to CAT, and remand for further proceedings consistent with this disposition. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.